UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | CHAPTER 7 |
| | ) | |
| FREDERICK L. TAYLOR | ) | CASE NO. 20-11753 |
| | ) | |
| | ) | HONORABLE DEBORAH THORNE |
| DEBTOR. | ) | |

**CERTIFICATION OF ANDREW HUNT IN SUPPORT
OF MOTION TO DISMISS CHAPTER 7 CASE**

I, Andrew Hunt, hereby certify and state:

1. I am over 18 years of age.

2. I am competent to provide this certification on behalf of the United States Trustee (UST) and have personal knowledge of the matters set forth herein. If called upon to testify, I can and will testify the matters set forth herein. I am duly authorized to submit this certification in support of the United States Trustee's Motion to Dismiss Chapter 7 Case (the "Motion to Dismiss").

3. I am an employee at the United States Department of Justice, Office of the United States Trustee located at 219 S. Dearborn St., Room 873, Chicago, IL 60604. My official title is Auditor.

4. I have the following professional experiences relevant to my review described in this Certification: B.A. in Business Administration, Concentration in Accounting (*cum laude*) from Morehouse College, Atlanta, GA; I am a Certified Public Accountant. Prior to my employment as an Auditor with the United States Trustee, I was the Audit Manager for Payroll and Payables at Chicago Public Schools, Tax Preparer, Auditor with Deloitte & Touche, LLP; and Auditor for the United States Postal Service, Office of the Inspector General.

5. My current job duties and responsibilities include reviewing bankruptcy schedules and documents filed in Chapter 7 and 11 cases. Additionally, I review bankruptcy cases for abuse under Section 707(b) of the Bankruptcy Code. This includes reviewing bankruptcy schedules and other financial documents to determine if there is disposable income available to pay creditors. To

EXHIBIT A

make the disposable income calculations below, I was tasked to review the Debtor's Petition, Schedules, and Statement of Financial Affairs.

6. The Debtors' income is 32% above the median income for a household of three. The UST further noted that during the meeting of creditors the Debtor indicated that he intended to surrender in foreclosure his property located at 18811 South Cicero in Country Club Hills, IL.. Despite that intention, the Debtor included the $1,230 mortgage associated with the property on Schedule J. To the extent the Debtor intends to retain the property hoping for an appreciation in its value and continues to pay the mortgage, his creditors are prejudiced because he is speculating at their expense and with no benefit to them. Therefore, we determined that line 20a (mortgage on other property) was overstated by $1,230.

7. Based on UST calculations the Debtor has overstated Schedule J expense by $1,230 and the resultant monthly income by the same. The resultant monthly net income is $1,230 and represents $73,800 ($1,230 *60) over a 5-year period available to fund a 100% plan on the Debtors' unsecured debt of $18,135.

8. I am personally familiar with all the statements made herein.

> I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.
>
> Executed on this 14th day of October, 2020 in Chicago, Illinois.

*Andrew Hunt*
Andrew Hunt

EXHIBIT A